Nott, J.
The question in this case is, whether Prime, the ven-dee, or Yates, and others, the attaching creditors of Lockwood, are entitled to the property attached. The first enquiry will be, whether Lockwood, by transferring the vessel to Blagge, under whom Prime holds, had completely divested himself of any property in her. If he had, the claim of the creditors must fail, because they could have no claim to property which did not belong to Lockwood, unless there was some fraud in the transaction, which would render the bill of sale to Blagge void, as against the creditors, although good between the parties; which will be the second point for consideration.
With regard to the first, it appears to me, that there was such a transfer by Lockwood, as amounted to a complete divestiture of the property. He executed a bill of sale to Blagge, and delivered it to Mr. Walden, for his use ; which bill of sale, together with a letter informing him of the transaction, was forwarded to him in New-York. The key of the vessel was also given to Walden, and he took possession of her, and had her in possession for Blagge, when the attachments were served ; as he has sworn in his return to the attachments, and his subsequent examination.
It is laid down by Lord Coke, — 3d Coke’s Reports, 26 ; Butler v. Baker, 5th do. 85; 1 Salk, 301; 1 Binn. 502 ; Shepherd’s Touchstone, 58, — that a deed delivered to a stranger, for the use of a third person, takes effect immediately. If the vendee does not accept it, the property shall not be divested ; but, if he does accept, it shall have relation back to the time of delivery. If it takes effect immediately upon the delivery, the vendor can not revoke it; and, unless it vested in the vendee, he could not be divested, which Lord Coke says, is the effect of non-acceptance.
No case can speak stronger language in favor of such a principle, than the one uow before us. Blagge writes to Lockwood, that Prime had recovered a judgment against him, as his security; and that, unless he affords him relief, he must go to gaol. It appears by Lockwood’s letter, that Prime agreed to take negroes, vessels, or any other property, in discharge of the debt. Lockwood, therefore, executed the bill of sale of the véssel as above mentioned, which was immediately assigned to Prime, and Blagge was released from the judgment. Surely Lockwood had not the power, after having thus delivered the bill of sale, and given possession of the *562 property, to defeat all the subsequent transactions, and divest Prime of the property, by revoking wbat be had dotle. He had nothing, therefore, which the creditors could attach. If the consent of Blagge was necessary, it must be presumed, from all the circumstances of the case. He was pressing Lockwood to relieve him from an execution, which was hanging over his head. Prime had agreed to'take negroes, or vessels in payment. Assent, therefore, was previously given. But in any point of view, if the parties to the transaction agree to it, no other person can say the sale shall not take effect. Unless, secondly, it was done with a view to defraud his creditors.
On this ground, I shall only observe, that if the jury had been properly directed on the first point, and the case had been submitted to them, only on the ground of fraud, I should not have been disposed to set aside the verdict. But as I think the opinion of the court was incorrect on that point, and the jury may have been governed by that opinion, without considering the other ground, I am of opinion a new trial ought to be granted, that the question may be again submitted to a jury, to try the question of fraud only.
Gantt, arid Gkimke, Js., concurred with Nott, J.
Smith, J., dissented.